UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AARON CHRISTOPHER MARSHALL, SR., ) | 3:23-CV-1150 (SVN) |
| *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | |
| CHRISTOPHER ZENTEK, *et al.*, ) | |
| *Defendants*. ) | March 14, 2024 |

## INITIAL REVIEW ORDER

*Pro se* plaintiff Aaron Christopher Marshall, Sr., a sentenced [1] inmate currently incarcerated at Osborn Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983. He names several defendants: Christopher Zentek, state prosecutor Maureen Pratt, Judge Schwartz, the State of Connecticut Department of Correction, and "all 8/20/2020 Officers on Waterbury Police Department TNT Unit." Plaintiff asserts violations of his Fourth, Sixth, and Eighth Amendment rights under the United States Constitution. As a request for relief, Plaintiff requests "court determination w[ith] facts versus legal standing for cruel/unusual punishment for state/federal statutes/violations." The Court construes this as a request for damages.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] Information on the Department of Correction website shows that Plaintiff was sentenced on June 20, 2023, to a term of imprisonment of one year. *See* www.ctimnateinfo.state.ct.us/detailsupv.asp?id_inmt_num=213789 (last visited March 14, 2024). The Court may take judicial notice of matters of public record. *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Kelley v. Quiros*, No. 3:22-cv-1425(KAD), 2023 WL 1818545, at *2 n.1 (D. Conn. Feb. 8, 2023) (taking judicial notice of state prison website inmate locator information).

§§ 1915(e)(2)(B), 1915A(b).

The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review pursuant to 28 U.S.C. § 1915A.[2] Based on this initial review, the Court orders as follows.

Plaintiff's complaint asserts violation of his constitutional rights under the Fourth, Sixth and Eighth Amendments but contains no factual allegations to support any cognizable claims of constitutional violations. Instead, Plaintiff indicates that he explains the facts underlying his claims in additional documents submitted by mail due to his concerns about his safety. Compl., ECF No. 1 at 3. The Court discusses all filings it has received in this case below.

Plaintiff has appended a number of documents to his complaint, including copies of inmate request forms he sent to prison officials, medical forms, and his classification review sheet. *See* ECF No. 1-1. The Court has reviewed these documents, but is unable, without articulation from Plaintiff as to how they relate to his claims, to find that they assist him with stating a plausible constitutional claim.

Plaintiff has also filed a thirteen-page Notice that asserts violations of his constitutional rights arising from his criminal proceedings, ECF No. 12, and a document entitled "Declaration of Rights" that includes legal citations, references to what may be motions filed in his case, and

---

[2] It is well-established that "*[p]ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Notwithstanding this liberal interpretation, however, a *pro se* complaint will not survive dismissal unless the factual allegations meet the plausibility standard. *See Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint that includes only "'labels and conclusions,'" "'a formulaic recitation of the elements of a cause of action'" or "'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

statements referring to his plea, innocence, and exhaustion of his state court remedies, ECF No. 13.

As currently drafted, Plaintiff's complaint does not allege any cognizable claims for relief under 42 U.S.C. § 1983 against any of the Defendants named in the case. Plaintiff's Notice and Declaration of Rights indicate that Plaintiff may be seeking to challenge the constitutionality of this conviction through this civil rights action. *See* ECF Nos. 12, 13. Plaintiff cannot challenge his conviction in a section 1983 action. He must do so by filing a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of [section] 1983."). The Court notes that Petitioner previously filed a petition for writ of habeas corpus in this district, *Marshall v. Brunelle*, No. 3:23-cv-916 (VAB). That case was dismissed on December 15, 2023, for failure to exhaust state court remedies.

A review of state court records shows that Plaintiff has filed five petitions for writ of habeas corpus in state court, two of which have been consolidated and are proceeding under *Marshall v. Commissioner of Corr.*, No. TSR-CV23-5001619-S. As the state habeas petitions are ongoing, Petitioner still has not exhausted his state court remedies. Thus, the Court will not construe this complaint as a petition for writ of habeas corpus.

Petitioner also appears to seek damages for an allegedly unlawful conviction. The Supreme Court has held, however, that a section 1983 action seeking damages based on an unlawful conviction is not cognizable unless that "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ... or called into question by a federal court's issuance of a writ of habeas corpus...." *Heck v. Humphrey*, 512 U.S.

477, 487 (1994) (internal citation omitted); *see Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to the conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."). As Plaintiff does not allege that his conviction has been reversed, expunged, declared invalid, or called into question, his claims are barred by *Heck*.

The Court further notes that the exhibits Plaintiff has appended to his complaint appear to relate to allegations concerning his conditions in custody. Should Plaintiff seek to file a claim under section 1983 for alleged violations of his constitutional rights that have occurred while he is incarcerated, he is free to file a separate complaint on those matters. Any such complaint should include the relevant defendants in the case caption, and should provide factual allegations concerning their conduct, so that the Court can evaluate whether they may proceed.

## ORDER

For the reasons discussed above, this case is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). To the extent Plaintiff is seeking damages for an allegedly unlawful conviction, Plaintiff may refile his action if the conviction is reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. The Clerk is directed to close this case.

**SO ORDERED** at Hartford, Connecticut, this 14th day of March, 2024.

          */s/ Sarala V. Nagala*
          SARALA V. NAGALA
          UNITED STATES DISTRICT JUDGE